**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose P. Campos, | No. CV-06-610-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| City of Glendale, et al., | |
| Defendants. | |

This action arises out of the March 1, 2005 arrest of Plaintiff Jose P. Campos by City of Glendale police officers. Plaintiff filed suit against the City, arresting officers Marc McClausin, Luis Garcia, B. Shackelford, and Carlos Cano and their spouses, alleging violations of federal and state law. Dkt. #5.

Prior to commencing this action, Plaintiff submitted a notice of claim to the City and the arresting officers pursuant to A.R.S. § 12-821.01. Dkt. #40 Ex. A. This statute requires anyone with a claim against a public entity or public employee to file notice of the claim with the public entity or public employee prior to initiating legal proceedings. *See Tryon v. Avra Valley Fire Dist.*, 659 F.Supp. 283, 284 (D. Ariz.1986); *Pritchard v. State*, 788 P.2d 1178, 1183 (Ariz. 1990). The statute provides that a notice of claim "shall . . . contain a specific amount for which the claim can be settled and the facts supporting that amount." A.R.S. § 12-821.01(A). The statute further provides that a notice of claim must be filed within 180 days of the claim's accrual. *Id.*

1  Defendants have filed a motion to dismiss Plaintiff's state law claims on the ground
2 that Plaintiff's notice of claim does not comply with A.R.S. § 12-821.01(A). Dkt. #40. In
3 particular, Defendants contend that the notice of claim does not state a specific sum for
4 which Plaintiff would settle his claims, does not provide sufficient facts supporting that
5 amount, and was filed after the 180-day window. *Id*. The Court will grant Defendants'
6 motion and dismiss Plaintiff's state law claims.

7 **I.    Settlement Amount.**

8  The "Damages" section of Plaintiff's notice of claim states, in relevant part: "Based
9 upon the facts and the damages set forth [in the "Facts" section of the notice of claim], and
10 in compliance with A.R.S. § 12-821.01, the specific amount for which these claims *can be*
11 *brought* is $750,000.00." Dkt. #40 Ex. A at 2 (emphasis added). The Court finds that
12 Plaintiff's notice of claim neither technically conforms with nor satisfies the broader
13 purposes of A.R.S. § 12-821.01(A).

14  The mandate of the statute is "clear and unequivocal" – a claimant must state an
15 amount for which he or she will settle the claim. *Deer Valley Unified Sch. Dist. No. 97 v.*
16 *Houser*, 152 P.3d 490, 493 (Ariz. 2007) (noting that the statute "unmistakably instructs
17 claimants to include a particular and certain amount of money that, if agreed to by the
18 government entity, will settle the claim."); *State v. Mabery Ranch, Co., L.L.C.*, 165 P.3d 211,
19 224 (Ariz. App. 2007) (discussing the statute's "requirement to provide a 'specific amount'
20 [the claimant] would take in settlement[.]") (quoting A.R.S. § 12-821.01(A)).

21  Plaintiff's statement of the amount for which his claims could be "brought" – an
22 apparent reference to the amount Plaintiff believed he could seek in a lawsuit – is insufficient
23 to indicate the price at which Plaintiff would settle the claims. The "statute does not require
24 that claimants reveal the amount that they will demand at trial if litigation ensues but simply
25 requires that claimants identify the specific amount for which they will settle." *Deer Valley*,
26 152 P.3d at 493. As the amount for which the claims can be "brought" cannot be construed
27 to constitute a specific settlement amount, Plaintiff's notice of claim is inadequate under
28 A.R.S. § 12-821.01(A). *See id.* (determining that a notice of claim did not comply with the

- 2 -

1  statute where it did not "define a specific amount that [plaintiff] would have accepted to
2  resolve her dispute with [defendant]"); *Crum v. Superior Court In and For County of*
3  *Maricopa*, 922 P.2d 316, 318 (Ariz. App. 1996) (concluding that a notice of claim is
4  insufficient where "it says nothing about the 'specific *amount* for which the claim can be
5  settled[.]'") (quoting A.R.S. § 12-821.01(A); emphasis in original).

6        Plaintiff argues that the notice of claim did contain a specific amount for which the
7  claims could be settled because the claim "indicated that it was being submitted in
8  compliance with A.R.S. § 12-821.01," "used the term 'specific amount' as contained in the
9  statute," and "quoted language directly from the statute except for the word 'brought' was
10 used instead of the word 'settled.'" Dkt. #43 at 8.  The absence of a specific settlement
11 amount, however, is a material deficiency in the notice of claim, even if the language
12 otherwise tracks the statute and the statute is referenced.  *See Falcon ex rel. Sandoval v.*
13 *Maricopa County*, 144 P.3d 1254, 1256 (Ariz. 2006) ("Actual notice and substantial
14 compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12-
15 821.01(A)."); *see also Deer Valley*, 152 P.3d 490 (rejecting claimant's contention that A.R.S.
16 § 12-821.01(A) embodies a "reasonableness standard.").

17       Plaintiff attributes his use of the word "brought" to a typographical error. Dkt. #43.
18 The clerical mistake is not clear, as the sentence in question is grammatically correct as
19 written.  *See Amalgamated Transit Union Local 1309, AFL-CIO v. Laidlaw Transit*, 448 F.3d
20 1092, 1097-98 (9th Cir. 2006) (addressing whether error was obvious).  More importantly,
21 the wording clearly conveys to the public entity and employees the specific amount for which
22 the claims may be "brought," not "settled."  *See United States v. Lim*, 984 F.2d 331, 337 (9th
23 Cir. 1993) (addressing whether the error misled or prejudiced the defendant).  The Court
24 concludes that the notice's failure to identify a specific and clear settlement amount deprived
25 Defendants of a meaningful opportunity to consider the possibility of settling – one of the
26 basic purposes of A.R.S. § 12-821.01(A).  *See Martineau v. Maricopa County*, 86 P.3d 912,
27 915-16 (Ariz. App. 2004) ("The purposes of the notice of claim requirements . . . are . . . to
28 allow the public entity to investigate and assess liability, to permit the possibility of

settlement prior to litigation, and to assist the public entity in financial planning and budgeting.").

## II. Facts Supporting the Settlement Amount.

A notice of claim "shall . . . contain a specific amount for which the claim can be settled and *the facts supporting that amount*." A.R.S. § 12-821.01(A) (emphasis added). Defendants argue that Plaintiff does not provide a factual foundation for the $750,000 amount in the notice of claim. Dkt. ##40, 47. Plaintiff disagrees, contending that the notice of claim provides a factual basis for the amount claimed. Dkt. #43.

In order to satisfy this requirement, the description of facts supporting the settlement amount must be such that a public entity can discern the relationship between the facts and the settlement amount. *See Bamonte v. City of Mesa*, 2007 WL 2022011, at *6 (D. Ariz. 2007) ("There is no indication as to how Plaintiffs reached the figure of $20,000,000, as opposed to any other conceivable settlement value."). Requiring claimants to state the facts in this fashion "ensures that claimants will not demand unfounded amounts that constitute quick unrealistic exaggerated demands." *Deer Valley*, 152 P.3d at 494 (citation and internal quotation marks omitted).

Plaintiff's notice provides no insight as to how Plaintiff arrived at the $750,000 figure. The notice does not indicate, for example, how Plaintiff's prayer for compensation, punitive damages, and attorney's fees factor into this amount. *See Bamonte*, 2007 WL 2022011, at *6. The notice thereby frustrated one of the purposes of the statute – to permit the public entity to assess its potential liability. *See Martineau*, 86 P.3d at 915. Thus, even if the amount in Plaintiff's notice could be read as a settlement demand, the notice does not contain facts supporting the amount of the demand.[1]

**IT IS ORDERED** that Defendants' motion to dismiss Plaintiff's state law claims

---

[1] Plaintiff's argues that, under *Hawkins v. Allstate Ins. Co.*, 733 P.2d 1073 (Ariz. 1987), the Court's understanding of *Deer Valley* creates a new legal rule that may be applied only prospectively. Dkt. #43. In *Bamonte*, this Court rejected such an argument. *See Bamonte*, 2007 WL 2022011, at *7-9.

- 4 -

1  (Dkt. #40) is **granted**.

2     DATED this 5th day of November, 2007.

_____
David G. Campbell
United States District Judge